UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| IN RE: | ) |
| | ) |
| JEFFREY DANIEL WISMER, | ) Case No. 14-11207-BFK |
| | ) |
| Debtor. | ) |
| | ) Chapter 7 |
| CHRISTOPHER ARNTZEN | ) |
| | ) |
| Plaintiff, | ) **ADVERSARY COMPLAINT** |
| -against- | ) |
| | ) |
| JEFFREY DANIEL WISMER, | ) Adv. Proc. No. 14-01105-BFK |
| | ) |
| Defendant. | ) |

**MEMORANDUM IN SUPPORT OF SUMMARY JUDMENT MOTION IN FAVOR OF CHRISTOPHER ARNTZEN**

**COMES NOW** Christopher Arntzen, by counsel, and for his Memorandum in Support of his Motion for Summary Judgment, pursuant to Federal Rule of Civil Procedure 56 and Local Rule 7056-1, states as follows:

**I.   INTRODUCTION**

On October 12, 2012, Christopher Arntzen ("Arntzen") filed suit in the Fairfax County Circuit Court (Civil Action No.: CL2012-09756) ("the State Court Action") against Jeffrey Daniel Wismer ("Wismer"). Arntzen subsequently filed an amended three-count Complaint seeking judgment against Wismer for (Count I) Computer Harassment, (Count II) Defamation, and (Count III) Stalking. After trial by Jury, on June 21, 2013, Christopher Arntzen was

Law Offices of Jonathan Gelber, PLLC
Jonathan S. Gelber, Esquire (VSB #23992)
James L. Heiberg, Esquire (VSB # 34250)
201 Park Washington Court, First Floor
Falls Church, Virginia 22046
Tel: 703-237-1200
Counsel for Christopher Arntzen

awarded judgment against the Wismer in the amount of $17,500 for compensatory damages, and $50,000 for punitive damages under Count I of his First Amended Complaint for Computer Harasment. The Jury awarded judgment to Christopher Arntzen for compensatory damages of $17,500, and $100,000 for punitive damages under Count II of his First Amended Complaint for Defamation. The Jury found for Wismer on Count III - Stalking. No appeal was sought by either side.

Wismer filed a voluntary petition under Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code") on April 2, 2014. Arntzen timely filed his Adversary Proceeding on June 5, 2014. After Arntzen propounded discovery to Wismer, and Wismer, in turn, responded, this matter is now ripe for summary judgment, whereby judgment in favor of Arntzen on his Complaint for Non-Dischargability of Debt Pursuant to 11 U.S.C. § 523(a)(6) ("the Complaint") should be granted.

Summary judgment is appropriate because of the doctrine of collateral estoppel applies to the findings of the Jury in the State Court Action, and Jury's verdict as to Wismer's conduct shows that it was both willful and malicious and the judgment in Arntzen's favor is non-dischargeable for the reasons set forth below.

## **STATEMENT OF UNDISPUTED MATERIAL FACTS**

1.  At the time of the filing of the Complaint, Plaintiff Arntzen was a resident of the District of Columbia. See Pl. Complaint, ¶ 6, Dkt. No. 1; Answer of Defendants, Dkt. Nos. 6 ¶ 1.

2.  Defendant Wismer is a resident of the Commonwealth of Virginia. See Pl. Complaint, ¶ 7, Dkt. No. 1; Answer of Wismer, Dkt. Nos. 6 ¶ 1; Answer of Wismer to Arntzen's First Set of Interrogatories No. 3., attached as Exhibit "K."

3. On October 12, 2012, Plaintiff, jointly, filed a suit alleging Computer Harassment, pursuant to Virginia Code §18.2-152.1 *et seq.*, Defamation, and Stalking against the Debtor in the Fairfax Circuit Court (Circuit Court Case No.: CL12-09756). The factual allegations of Plaintiff's claim are set forth in the First Amended Complaint of the State Court Action, which is attached hereto and incorporated herein as if set out in full as Exhibit "A." *See* Pl. Complaint, ¶ 9, Dkt. No. 1; Answer of Wismer, Dkt. Nos. 6 ¶ 1; Answer of Wismer to Arntzen's First Set of Interrogatories No. 3., attached as Exhibit "K."

4. Plaintiff's action was tried before a Jury. As to Count I - Computer Harassment, upon full consideration of Jury Instructions Nos. 6A, 9, 12A, and 25, the Jury found for Plaintiff and assessed compensatory damages at $17,500, and punitive damages in the amount of $50,000. The Verdict Form is attached hereto as Exhibit "B", and Jury Instructions Nos. 6A, 9, 12A, and 25 are attached hereto as Exhibit "C", Exhibit "D", Exhibit "E", and Exhibit "F", respectively. *See* Pl. Complaint, ¶ 9, Dkt. No. 1; Answer of Wismer, Dkt. Nos. 6 ¶ 1; Answer of Wismer to Arntzen's First Set of Interrogatories No. 3., attached as Exhibit "K."

5. In awarding punitive damages for Count I - Computer Harassment, the Jury fully considered and found that the Debtor acted with actual malice toward Plaintiff or acted under circumstances amounting to a willful and wanton disregard of the plaintiff's rights. *See* Exhibit "E". *See* Pl. Complaint, ¶ 10, Dkt. No. 1; Answer of Wismer, Dkt. Nos. 6 ¶ 1; Answer of Wismer to Arntzen's First Set of Interrogatories No. 3., attached as Exhibit "K."

6. As to Count II - Defamation, upon full consideration of the Jury Instructions Nos. 10A, 11, 12, and 25, the Jury found for Plaintiff and assessed compensatory damages at $17,500, and punitive damages in the amount of $100,000. *See* Exhibit "B", and Jury

Instructions 10A, 11, 12, and 25 which are attached hereto as Exhibit "G", Exhibit "H", Exhibit "I", and Exhibit "F", respectively. See Pl. Complaint, ¶ 10, Dkt. No. 1; Answer of Wismer, Dkt. Nos. 6 ¶ 1; Answer of Wismer to Arntzen's First Set of Interrogatories No. 3., attached as Exhibit "K."

7. In awarding punitive damages for Defamation, the Jury, in reaching its verdict, considered and found that the Debtor made the statements knowing they were false or made them so recklessly as to amount to a willful disregard for the truth. See Exhibit "I". See Pl. Complaint, ¶ 12, Dkt. No. 1; Answer of Wismer, Dkt. Nos. 6 ¶ 1; Answer of Wismer to Arntzen's First Set of Interrogatories No. 3., attached as Exhibit "K."

8. Accordingly, on June 21, 2013, the Fairfax Circuit Court entered a Final Order in favor of the Plaintiff against the Debtor, on Count I - Computer Harassment, in the sum of $17,500 in compensatory damages and $50,000 in punitive damages; and on Count II - Defamation, in the amount of $17,500 and $100,000 in punitive damages. The total judgment amount is $185,000. See Exhibit "J". See Pl. Complaint, ¶ 13 Dkt. No. 1; Answer of Wismer, Dkt. Nos. 6 ¶ 1; Answer of Wismer to Arntzen's First Set of Interrogatories No. 3., attached as Exhibit "K."

9. On April 2, 2014 (the "Petition Date"), the Debtor filed a voluntary petition under chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code"). See Pl. Complaint, ¶ 14, Dkt. No. 1; Answer of Wismer, Dkt. Nos. 6 ¶ 1; Answer of Wismer to Arntzen's First Set of Interrogatories No. 3., attached as Exhibit "K."

10. Wismer has failed to make any payments toward partial satisfaction of the judgment amount owed. See Pl. Complaint, ¶ 16, Dkt. No. 1; Answer of Wismer, Dkt. Nos. 6 ¶ 1; Answer of Wismer to Arntzen's First Set of Interrogatories No. 3., attached as Exhibit "K."

## II.    STANDARD OF REVIEW

The Plaintiff Arntzen moves for Summary Judgment under as to his Adversary Complaint under Fed. R. Civ. P. 56(c) and Local Rule 7056-1. "The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make an adequate showing on an essential element for which it has the burden of proof at trial." News & Observer Pub. Co. v. Raleigh-Durham Airport Auth., 597 F.3d 570, 576 (4th Cir. 2010). "[T]he mere existence of some alleged factual dispute . . . will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986); see also Matsushita Electric Industrial Co., LTD v. Zenith Radio Corporation, et al, 475 U.S. 574, 586 (1986). "Only disputes over facts that might affect the outcome of the [litigation] . . . will properly preclude the entry of summary judgment." Anderson at 248. The burden is upon the moving party to show, based upon the pleadings, discovery, and affidavits, "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

"The non-moving party must "go beyond the pleadings and by his own affidavits, or by the `depositions, answers to interrogatories, and admissions on file,' designate `specific facts showing that there is a genuine issue for trial.'" Celotex v. Catrett, 477 U.S. 317, 324 (1986); see also Fed.R.Civ.P. 56(e). In meeting this burden, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita at 586. There is no genuine issue for trial "where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." Matsushita at 587; see also Anderson at 249.

### III.    ARGUMENT

In determining the dischargability of a creditor's claim, a bankruptcy court may properly give collateral estoppel effect to those elements of a claim of nondischargability that are identical to elements that were actually determined in a prior action.  Grogan v. Garner, 498 U.S. 279 (1991).  Collateral estoppel may be the basis for summary judgment in a dischargability action if the debtor is precluded from re-litigating all the factual elements of a creditor's nondischargability claim because of the determinations made in a prior case.  In such a situation, there are no undisputed facts to litigate.  Bizbub v. Paterson (In re:  Paterson), (Bankr. Colo., 2012).  Collateral estoppel precludes the re-litigation of a specific fact or issue that was decided in a prior final judgment which involved a different cause of action.  In re: Sparrow, 306 B.R. 812, 825 (Bankr. E.D.Va. 2003).  State court judgments can collaterally estop the litigation of issues in adversary proceedings in federal bankruptcy court. *See* In re Ansari, 113 F.3d 17, 19 (4th Cir. 1997).  Under Virginia law, the five elements necessary for collateral estoppel to apply are:  (1) the issue litigated must have been essential to the prior judgment; (2) the prior action must have resulted in a valid and final judgment against the party sought to be precluded in the present action; (3) the parties or privies in both the proceedings must be the same; (4) there must be mutuality between the parties; and (5) the factual issue litigated actually must have been litigated in the prior action.  TransDulles Center, Inc. v. Sharma, 252 Va. 20, 22-23, 472 S.E.2d 274, 275 (1996).

In analyzing this case under the five elements for collateral estoppel applied as set forth in TransDulles Center, Inc., the second through fifth are easily established.  The Final Order of the Jury in the underlying state action was a final order from which no appeal was taken by Wismer, satisfying the second element.  In the State Court Action, Arntzen was the Plaintiff

and Wismer was the Defendant. Therefore, the parties in the prior State Court Action and in this matter are the same, satisfying the third element. The issue of mutuality is predetermined because the identical parties here were present in the State Court Action. Both parties are equally bound by the prior litigation; therefore, mutuality exists, satisfying the fourth element. The factual issues in the State Court Action were determined by a Jury after a trial on the merits. Those factual issues addressed in the Final Order Jury Trial attached as Exhibit "J" were fully arrived at after actual litigation in the State Court Action between the parties, satisfying the fifth element.

The remaining element to be established under the TransDulles Center, Inc. standard, whether the issue litigated must have been essential to the prior judgment leads this Court to determine whether the factual findings of the State Court Action supporting the Jury's verdict are sufficient to satisfy the elements of § 523(a)(6) of the Bankruptcy Code. See In re: Sparrow, at 826. For the reasons set forth below, this final factor is satisfied, thus precluding Wismer from re-litigating the facts fully addressed by the verdict of the Jury in the State Court Action.

Section 523(a)(6) of the Bankruptcy Code states that an individual debtor is not entitled to a discharge "for willful and malicious injury by the debtor to another entity or to the property of another entity." To obtain a determination of non-dischargability under § 523(a)(6) a creditor must ultimately prove three elements: (1) the debtor caused an injury; (2) the debtor's actions were willful; and (3) that the debtor's actions were malicious. In re: Wooten, 423 B.R. 108, 128 (Bankr. E.D.Va. 2010).

The US Supreme Court instructs, in Kawaauhau v. Geiger, that 11 U.S.C § 523(a)(6) applies only to "acts done with *the actual intent to cause injury*." 523 U.S. 57, 61 (1998)

(emphasis added).  Section 523(a)(6) is not satisfied by negligent or reckless conduct. Id. At 62-64.  "[N]ondischargeability takes a deliberate or intentional *injury*, not merely a deliberate or intentional *act* that leads to injury." Id (emphasis in original).  This Court has applied that the test for willfulness is whether the debtor acted with "substantial certainty [that] harm [would result] or a subjective motive to cause harm."  In re:  Wooten At 129.

Malice is an act causing injury without just cause or excuse.  Johnson v. Davis (In re: Davis), 262 B.R. 663, 670-71 (Bankr. E.D.Va. 2001).  Implied malice may be shown by the acts and conduct of the debtor in the context of their surrounding circumstances, and "what is required is that the plaintiff prove the debtor's injurious act was done intentionally and with knowing disregard for plaintiff's rights."  Johnson at 670-71.

The relevant Jury instructions as to Count I - Computer Harassment, are 6A, 9, 25, and 12A, attached as Exhibits "C", "D", "F" and "I", respectively.  Instruction 6A states that the Jury shall return a verdict in favor of Arntzen if Wismer "(1) . . . used a computer . . . to communicate obscene, vulgar, profane, lewd, lascivious, or indecent language . . . and (2) did so with the *intent to . . . harass*. (emphasis added).  See Exhibit "C."

The Jury determined that Wismer's conduct as to Count I - Computer Harassment was made intentionally, not recklessly or negligently.   No other conclusion can be drawn based on the jury instructions and verdict.  Further, in its award of punitive damages as to Count I - Computer Harassment, the Jury was asked to consider that punitive damages were appropriate if it believed that Wismer "acted with actual malice toward the plaintiff or acted under

circumstances amounting to a *willful* and wanton disregard" of Arntzen's rights. (emphasis added).  See Exhibit "I."[1]

The Jury's finding that Wismer was liable for Computer Harassment is predicated on its determination that he intended to harass Arntzen as stated in Jury Instruction 6A, attached as Exhibit "C".  The intention to harass reveals a subjective motive to cause harm sufficient to determine Wismer's actions were willful.  In re: Wooten at 129.  Punitive damages were appropriate for either Wismer's actual malice towards Arntzen or his willful disregard of Arntzen's rights.  Such conduct as determined by the Jury constitutes willful conduct by Wismer intended to cause injury to Arntzen.  The Jury, in determining an award of punitive damages considered that Wismer's conduct was made with actual malice, which includes a specific desire to injure Arntzen.  Even a more liberal interpretation of the Jury instructions that it found Wismer's conduct amounted to be only "willful and wanton" still constitutes malicious conduct under the standards set forth in Johnson.

The relevant Jury instructions as to Count II - Defamation are 10A, 11, and 12, attached hereto as Exhibits "G", "H", "F" and "E", respectively.   The Jury determined that Wismer made the statements contained in Exhibit "G" and made those statements about Arntzen.

In awarding punitive damages to Arntzen, the Jury considered and determined that Wismer "made the statements knowing they were false or made them so recklessly as to amount to a willful disregard for the truth, that is, with a high degree of awareness that the statement was probably false.  See Exhibit "E."  Reckless, however, is qualified to require a

---

[1] Jury Instruction 12A, attached as Exhibit " I" is not dispositive as to the issue of nondischargability.  This Court rejected the nondischargability of a punitive damage award based on an almost identical jury instruction in In re: Dade, 296 B.R. 388 (Bankr. E.D.Va. 2001).  However that case may be distinguished because the underlying tort at issue in that matter was for medical malpractice based on negligence, and not on the intentional tort of Computer Harassment as it was in this action.  It would be impossible or bizarre to suggest that Wismer's behavior was negligent here, much less reckless.

showing of willful conduct.  Therefore, at a minimum, Wismer's defamatory statements were certainly willful in that they were deliberately made.[2]

Jury Instruction No. 25, attached as Exhibit "F," defines "Actual Malice" as a "sinister or corrupt motive such as hatred, personal spite, ill will, or a desire to injure the plaintiff."  The Instruction mirrors the requirements regarding "actual malice" defined in New York Times Co. v. Sullivan, 376 U.S. 254 (1964) that the statement was made "with knowledge that it was false or with reckless disregard of whether it was false or not."  Id. at 280.  Whether a plaintiff is a public or private figure, he or she must show "actual malice" to recover punitive damages.  Jordan v. Kollman, 269 Va. 569, 577 (2005).

When considering whether the debtor "intended" to cause the specific harm, the "answer will usually be relatively obvious because the debtor's action *is* the injury. . . .  In defamation cases, the true injury is not the damage to the creditor's reputation; it is the publication of falsehoods about the creditor that led to the damaged reputation.  Consequently, the proper question is not whether the debtor intended to injure the creditor's reputation, but instead, whether the debtor intended to publish the defamatory remarks."  In re: Wooten at 133 quoting ABF, Inc. v. Russell (In re: Russell), 262 B.R. 449 (Bankr. N.D.Ind. 2001).

In this instance there is no dispute that Wismer intended to publish the defamatory remarks that served as the basis for the Jury's verdict in the State Court Action as to Count II: Defamation.  The intent to injure comes from the publication of the defamatory remarks, not in whether Wismer intended to harm Arntzen's reputation.  The Jury in the State Court Action explicitly determined that Wismer's computer harassment was made with intent to injure Arntzen in order to reach its verdict with the instructions provided to it.  Wismer's intent to

---

[2] Again, express statements as made by Wismer could not conceivably be characterized as negligent or reckless.

injure Artzen through defamatory statements was accomplished through his deliberate and intentional publication of the statements. The Jury also found Wismer's defamatory statements were made with actual malice, or with knowing disregard for Arntzen's rights. Either reason is sufficient to find Wismer's conduct malicious, without just cause or excuse, and therefore nondischargable under § 523(a)(6) of the Bankruptcy Code.

## IV.    CONCLUSION

The above conclusively establishes that Wismer's conduct was determined by the Jury in its verdict predicated on the jury instructions provided to it to be intentional, intended to injure Arntzen, and were made with actual malice or a willful and wanton disregard for Antzen's rights. The facts as considered by the Jury conclusively establish that Arntzen's judgment is therefore nondischargable under § 523(a)(6) of the Bankruptcy Code, and that Wiser is accordingly collaterally estopped from contesting the finding of the Jury in the State Court Action. Arntzen is therefore entitled to summary judgment under Rule 56 with the facts of this case, the discovery, and pleadings, as attached and incorporated by reference into this Motion for summary judgment.

                                                                   Respectfully submitted,
                                                                   Christopher Arntzen,
                                                                   by Counsel

_____/s/_____
James L. Heiberg, Esq.
VSB:  34250
Virginia Bar Number 80900
Attorney for Christopher Arntzen
Law Offices of Jonathan Gelber, PLLC
201 Park Washington Court, First Floor
Falls Church, Virginia 22046

Phone: 703.237.1200
Fax: 703.237.2775
JHeiberg@northernvirginialitigator.com

## CERTIFICATE OF SERVICE

I hereby certify that on **Thursday, October 16, 2014**, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following: Richard G. Hall, Esq., counsel for Defendant at 7369 McWhorter Place, Suite 412, Annandale, Virginia  22003.
.

_____/s/_____
James L. Heiberg, Esq.
Virginia Bar Number 34250
Attorney for Christopher Arntzen
Law Offices of Jonathan Gelber, PLLC
201 Park Washington Court, First Floor
Falls Church, Virginia 22046
Phone: 703.237.1200
Fax: 703.237.2775
JHeiberg@northernvirginialitigator.com