UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
*Alexandria Division*

| | |
|---|---|
| ------------------------------------------- ) | |
| IN RE: ) | |
| ) | |
| JEFFREY DANIEL WISMER, ) | Case No. 14-11207-BFK |
| ) | |
| Debtor. ) | |
| ) | Chapter 7 |
| ------------------------------------------- ) | |
| CHRISTOPHER ARNTZEN ) | |
| ) | |
| Plaintiff, ) | **ADVERSARY PROCEEDING** |
| -against- ) | |
| ) | |
| JEFFREY DANIEL WISMER, ) | Adv. Proc. No.: 14-01105-BFK |
| ) | |
| Defendant. ) | |
| ------------------------------------------- ) | |

**PLAINTIFF CHRISTOPHER ARNTZEN'S FIRST REQUEST FOR PRODUCTION OF
DOCUMENTS TO DEFENDANT JEFFREY DANIEL WISMER**

To:    Jeffrey Daniel Wismer
       c/o Counsel for the Defendant
       Richard G. Hall, Esq.
       7369 McWhorter Place, Suite 412
       Annandale, Virginia 22003
       richard.hall33@verizon.net
       Counsel for Defendant

**COMES NOW** Plaintiff, Christopher Arntzen ("Arntzen" or "Plaintiff"), by Counsel,

and pursuant to Rule 34 of the Federal Rules of Civil Procedure, hereby propounds its First

Request for Production of Documents to the Defendant, Jeffrey Daniel Wismer. These Requests

for Production of Documents are to be responded to in accordance with the applicable statutes,

Federal Rules of Civil Procedure and Local Rules of Court, and in accordance with the

*definitions and instructions set forth below. All documents produced pursuant hereto are to be*

produced in original form for inspection and photocopying or photocopies provided to the Plaintiff's counsel, Law Offices of Jonathan Gelber, PLLC, at 201 Park Washington Court, First Floor, Falls Church, Virginia, 22046, on or before thirty (30) days from the date of this request.

1.      The words "you" or "your" are intended to refer to the Defendant in this matter, Jeffrey Daniel Wismer and includes your agents, employees, attorneys, advisors, trustees, partners or other persons acting for or on your behalf, and any persons in active concert and participation with you, whether past or present, without regard to whether or not the relationship exists or has been terminated.

2.      The word "Defendant" refers to Jeffrey Daniel Wismer. It also includes this Defendant's agents, counsel, employees, trustees, partners, or other persons acting for or on behalf of the Defendant, and any persons in active concert and participation with Defendant, whether past to present, without regard to whether or not the relationship exists or has been terminated.

3.      The term "Complaint" means the Adversary Complaint filed by Plaintiff in this action.

4.      The term "Defendant's Answer" means any responsive pleading filed by Defendant in the within action including any cross-claims, claims for indemnification or claims for contribution.

5.      As used herein, the word "person" means any person, including natural persons, corporations, partnerships, associations, joint ventures, firms, and other business enterprises or legal entities, and includes both the singular and the plural.

6.      The word "document" is used herein in its broadest sense to refer to any tangible

item from which information in the form of words, numbers or pictures can be derived. These Requests for Production of Documents are continuing in nature and require you to supply such further or different information relative thereto as you may receive up to and including the day of trial.

a.      The term "documents" as use herein, refers to the original (or, if the information called for cannot be provided in the original, then each and every copy, duplicate and reproduction) of any medium upon or from which intelligence or information can be recorded or retrieved, including, but not limited to, letters, telegrams, telexes, memoranda, notes, sound recordings, telephone logs, internal correspondence, reports, records, studies, contracts, legal instruments, declarations, filings, court filings, drafts, plans, diagrams, pictures, circulars, audit reports, announcements, directives, rulings, schedules, specifications, standards, instruction manuals, brochures, publications, statistical records, desk calendars, appointment books, diaries, computer printouts, data processing program libraries, data processing input and output, computer memories, microfilm, minutes, accounts, journals, ledgers, bills, invoices, purchase orders, checks, receipts, and the like, whether handwritten typed, printed, punched, coded, tape recorded, photographed or otherwise reproduced, and each and every copy, duplicate, reproduction, prior draft, excerpt, not and summary of, or prepared from, any of the foregoing which is not identical to the original due to corrections, alterations, notations, initials, deletions, marginal markings, underscoring, confirmation or indication of routing or otherwise.

1.      As used herein, the word "communication" or "communications" means any transmission of words or thoughts between two or more persons, whether done orally or in writing, or whether done in person or by any electronic or other means, including without

limitation by computer or radio or telephonic device.

2.      As used herein, the conjunctions "and" and "or" shall be interpreted and construed as "and/or" and shall not be interpreted to exclude any information otherwise within the scope of any request.

3.      As used herein, the terms "refer to", "referring to", "relate to", "relating to", or "pertaining to" or any variations of the foregoing includes containing, alluding to, responding to, commenting upon, discussion, showing, disclosing, evidencing, mentioning, analyzing, constituting, comprising, directly or indirectly, in whole or in part.

4.      This request is intended to cover all documents in your possession or subject to your custody and control, whether located in your place of business, at the offices of your attorneys or any accountant, or at any other place(s) or in the possession of any other person(s) subject to your custody and control.

5.      If in your possession, custody, or control, you shall produce the original of each document requested herein, as well as each copy of any document which is not identical to the original or to any other copy of such document and shall include any copy of any document upon which markings or notes are made which are not made upon the original of such document or upon any other copy thereof. Photocopies of the foregoing may be provided in the alternative, provided that photocopies of the originals are clearly indicated and lack of original document is clearly noted in your response.

6.      In producing the documents requested herein, you are to segregate those documents so as to identify the numbers requested to which such document(s) responds.

7.      In the event that you claim that a document requested is privileged, you are to

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| IN RE: ) | ) |
| ) | |
| JEFFREY DANIEL WISMER, ) | Case No. 14-11207-BFK |
| ) | |
| Debtor. ) | |
| ) | Chapter 7 |
| CHRISTOPHER ARNTZEN ) | |
| ) | |
| Plaintiff, ) | **ADVERSARY PROCEEDING** |
| -against- ) | |
| ) | |
| JEFFREY DANIEL WISMER, ) | Adv. Proc. No.: 14-01105-BFK |
| ) | |
| Defendant. ) | |
| ) | |

<u>**PLAINTIFF CHRISTOPHER ARNTZEN'S FIRST SET OF INTERROGATORIES
PROPOUNDED UPON JEFFREY DANIEL WISMER**</u>

To:     Jeffrey Daniel Wismer
        c/o Counsel for the Defendant
        Richard G. Hall, Esq.
        7369 McWhorter Place, Suite 412
        Annandale, Virginia 22003
        richard.hall33@verizon.net
        Counsel for Defendant

**COMES NOW** the Plaintiff Christopher Arntzen ("Arntzen" or "Plaintiff") in the above-
entitled action and pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, and
hereby propounds his First Set of Interrogatories on the Defendant, Jeffrey Daniel Wismer.
These Interrogatories are to be answered in accordance with the applicable statutes and Rules of
the Court and in accordance with the definitions and instructions set forth below:

## INTERROGATORY DEFINITIONS

1.      The words "you" or "your" are intended to refer to the Defendant in this matter, Jeffrey Daniel Wismer, and includes your agents, employees, attorneys, advisors, trustees, partners or other persons acting for or on your behalf, and any persons in active concert and participation with you, whether past or present, without regard to whether or not the relationship exists or has been terminated.

2.      The term "Adversary Complaint" means the Adversary Complaint filed by Plaintiff in this Adversary Proceeding.

3.      The term "Defendant's Answer" means any responsive pleading filed by Defendant in the within action.

4.      As used herein, the word "person" means any person, including natural persons, corporations, partnerships, associations, joint ventures, firms, and other business enterprises or legal entities, and includes both the singular and the plural.

5.      The word "document" is used herein in its broadest sense to refer to any tangible item from which information in the form of words, numbers or pictures can be derived. These Interrogatories are continuing in nature and require you to supply such further or different information relative thereto as you may receive up to and including the day of trial.

a.      The term "documents" as use herein, refers to the original (or, if the information called for cannot be provided in the original, then each and every copy, duplicate and reproduction) of any medium upon, or from which, intelligence or information can be recorded or retrieved, including, but not limited to, letters, telegrams, telexes, memoranda, notes, sound recordings, telephone logs, internal correspondence, reports, records, studies, contracts, legal instruments, declarations, filings, court filings, drafts, plans, diagrams, pictures, circulars, audit

reports, announcements, directives, rulings, schedules, specifications, standards, instruction manuals, brochures, publications, statistical records, desk calendars, appointment books, diaries, computer printouts, data processing program libraries, data processing input and output, computer memories, microfilm, minutes, accounts, journals, ledgers, bills, invoices, purchase orders, checks, receipts, and the like, whether handwritten, typed, printed, punched, coded, tape recorded, photographed or otherwise reproduced, and each and every copy, duplicate, reproduction, prior draft, excerpt, note and summary of, or prepared from, any of the foregoing which is not identical to the original due to corrections, alterations, notations, initials, deletions, marginal markings, underscoring, confirmation or indication of routing or otherwise.

1.      As used herein, the word "communication" or "communications" means any transmission of words or thoughts between two or more persons, whether done orally or in writing, or whether done in person or by any electronic or other means, including without limitation by computer or radio or telephonic device.

2.      As used herein, the conjunctions "and" and "or" shall be interpreted and construed as "and/or" and shall not be interpreted to exclude any information otherwise within the scope of any request.

3.      As used herein, the terms "refer to", "referring to", "relate to", "relating to", or "pertaining to" or any variations of the foregoing includes containing, alluding to, responding to, commenting upon, discussion, showing, disclosing, evidencing, mentioning, analyzing, constituting, comprising, directly or indirectly, in whole or in part.

## INTERROGATORY INSTRUCTIONS

1.      Rule 33(a) of the Federal Rules of Civil Procedure requires that each interrogatory be answered separately and fully in writing under the penalties of perjury, unless it

is objected to, in which event the reasons for the objection must be stated in lieu of the answer. Each answer or objection must be preceded by the interrogatory to which it responds. Answers must be signed by the person making them. Objections made to any interrogatory must be signed by the person or attorney making them.

2.    In answering these interrogatories, you are required to give full and complete answers, furnishing all requested information not subject to a valid objection. You must include in your answer all information that you know or that is available to you, including any and all information that you can obtain by (i) making inquiry of your agents, attorneys, accountants, banks, brokers, employers, employees, creditors, debtors, trustees, representatives, or any other person(s) acting or purporting to act on your behalf, whether in the past or presently and without regard to whether or not their relationship with you currently exists or has been terminated, and (ii) making examination of and any and all documents or tangible things in your possession, or subject to your custody and control, whether they are located in your place of residence, at the offices of your attorneys or any accountant, or at any other place(s) or in the possession of any other person(s) subject to your custody and control, and which in any way refer to or relate to the information sought by these interrogatories. If you are unable to answer any interrogatories with exactness, you are nevertheless required to answer to the best of your ability.

3.    Unless otherwise specifically so stated in your answer, your answer will be deemed a statement by you of your own knowledge. If any answer or portion thereof is not made by you of your own information, or which is not of your own knowledge, include the identity of each person from whom you obtained such information and/or the identity of any document or tangible thing relied upon by you in making your answer.

4.    If you object to any interrogatory or any portion thereof on the ground of

privilege, work product, or any other ground, you are required to state for each such objection the precise nature of the objection made and a complete description of all facts, if any, upon which you or your counsel rely in making the objection.

      5.      These interrogatories are to be deemed continuing in nature, requiring supplemental answers thereto to the extent required by Federal Rules of Civil Procedure 26. Accordingly, if you, your counsel, or anyone else representing your interests should learn of any additional person or persons having knowledge relating to the matters into which these interrogatories inquire, you are requested and directed to seasonably supplement your answers by furnishing the name and address of each such person, and to give timely notice of additional witnesses to any of the issues involved herein.

      6.      Further, all interrogatories, the responses to which are later found to have been incorrect when made or no longer true, shall be deemed to be continuing as to require supplemental answers through the time of trial. Such supplemental answers are to be furnished within a reasonable time after the occurrence of the event necessitating the supplemental answers.

      7.      You are specifically required, pursuant to Federal Rules of Civil Procedure to supplement seasonably all of your answers to these interrogatories, to include any information acquired by you after the date of your answer.

### INTERROGATORIES

      1.      Please identify, as defined in the introduction to these interrogatories, who has responded to these Interrogatories; if more than one person has responded hereto, please also indicate which Interrogatory each individual has responded to.

      Answer:

Jeffery Wismer
(address as on petition)


2. Please identify, as defined in the introduction of these Interrogatories, each person whom you expect to call as an expert witness in the matter, and with respect to each such person, state the subject matter on which the expert is expected to testify; the substance of the facts and opinions to which the expert is expected to testify; and a summary of the grounds for each opinion.
Answer:

None



3. Please state whether Paragraph 1 of your Answer intended to admit the allegations of paragraphs 1, 2, 3, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14 and 16 of the Adversary Complaint.  If not, please set forth your intended response and explain each and every fact, allegation, assertion or contention which supports each particular response:
Answer:

Yes




4. Please recite every fact, allegation, assertion or contention which supports your denial of paragraph 17 of Plaintiff's Adversary Complaint.  Please further identify, as defined in the Introduction to these Interrogatories, each and every individual who has knowledge or information regarding this, and please further indicate what knowledge each such individual has.
Answer:

The words and writings complained of were not intended to cause an injury, but were meant as satire, which no reasonable person could take as an objective reporting of fact.

The plaintiff and I, and anyone to whom the words and writings were published would have knowledge of this.

5. Please recite every fact, allegation, assertion or contention which supports your denial of paragraph 18 of Plaintiff's Adversary Complaint. Please further identify, as defined in the Introduction to these Interrogatories, each and every individual who has knowledge or information regarding this, and please further indicate what knowledge each such individual has.
Answer:

See response to No. 4, above. In addition, the jury was not instructed to determine whether my actions were "willful and malicious".

6. Please recite every fact, allegation, assertion or contention which supports your denial of paragraph 19 of Plaintiff's Adversary Complaint. Please further identify, as defined in the Introduction to these Interrogatories, each and every individual who has knowledge or information regarding this, and please further indicate what knowledge each such individual has.
Answer:

Please see my response to No. 4, above.

7. Please recite every fact, allegation, assertion or contention which supports your denial of paragraph 20 of Plaintiff's Adversary Complaint. Please further identify, as defined in the Introduction to these Interrogatories, each and every individual who has knowledge or information regarding this, and please further indicate what knowledge each such individual has.
Answer:

Please see my response to No. 4, above. In addition, the jury was not instructed to find damages solely based on my wilful and malicious conduct, and, therefore, the assessment of damages cannot be related to what may or may not be dischrgeable under Section 523.

Respectfully Submitted,
Chrisopther Arntzen,
By counsel

_____/s/_____

Law Offices of Jonathan Gelber, PLLC
James Heiberg, Esq. (VSB # 34250)
201 Washington Park Court, First Floor
Falls Church, Virginia 22046
Phone: 703.237.1200
Fax: 703.237.2775


**I HEREBY AFFIRM UNDER PENALTIES OF PERJURY THAT THE FOREGOING ANSWERS ARE TRUE AND ACCURATE TO THE BEST OF MY KNOWLEDGE, INFORMATION AND BELIEF.**

8/18/2014
_____
Date

_____
Jeffery Daniel Wismer

## ACKNOWLEDGMENT

STATE OF Virginia   )
COUNTY OF Fairfax)        ss:


On ___August 18___, 2014, before me personally came _Jeffery Daniel Wismer_, who acknowledged himself/herself to be _Jeffery Daniel Wismer_ and that he/she is known to me, or satisfactorily proven to be the person whose name is subscribed to the foregoing instrument, and acknowledge that he/she, being duly authorized to do so, executed the same for the purposes therein contained.


Marion Ann McLeod
NOTARY PUBLIC

My Commission Expires: 6/30/2015

My Registration No.: 177383

Page 8 of 10

MARION ANN MCLEOD
COMMONWEALTH
REGISTRATION NO.
177383
MY COMM. EXPIRES
06/30/2015
OF VIRGINIA
NOTARY PUBLIC

## CERTIFICATE OF SERVICE

I hereby certify that on this 18 day of August , 2014, I served the foregoing via electronic and regular mail to the following:

James Heiberg, Esq. (VSB # 34250)
201 Washington Park Court, First Floor
Falls Church, Virginia 22046
Phone: 703.237.1200
Fax: 703.237.2775


/s/Richard G. Hall

identify such document in writing in sufficient detail so as to enable the Court to rule upon that claim of privilege, including in such description its date, its author(s), any title, the name of any person to whom the document is directed, the number of pages, and the substance thereof (to the extent not privileged).

     **8.**     If you had any documents called for herein, which have since been destroyed or otherwise disposed of, you are to indicate and describe the document by date, author(s), addressee(s), and general subject matter.

REQUESTS FOR PRODUCTION OF DOCUMENTS

     **1.**     Please produce each and every document which you reviewed in responding to the Interrogatories and are referred to in your responses to Interrogatories or any other discovery herein.

I reviewed the Adversary complaint, and the jury instructions and the exhibits in the state court proceeding, all of which are in the plaintiff's possession.

     **2.**     As to Interrogatory number 4, please produce each and every document which supports your response thereto, and further please also produce each and every document which you referenced in generating that same response.

See my response to request No. 1, above.

     **3.**     As to Interrogatory number 5, please produce each and every document which supports your response thereto, and further please also produce each and every document which you referenced in generating that same response.

See my response to request No.1, above.

     **4.**     As to Interrogatory number 6, please produce each and every document which supports your response thereto, and further please also produce each and every document which

Page 5 of 6

you referenced in generating that same response.

See my response to request No.1, above.

5.    As to Interrogatory number 7, please produce each and every document which supports your response thereto, and further please also produce each and every document which you referenced in generating that same response.

See my response to request No.1, above.

Respectfully Submitted,
Christopher Arntzen
By counsel

### CERTIFICATE OF SERVICE

I hereby certify that on this 19 day of ___A U G u S T___, 2014, I served the foregoing via electronic and regular mail to the following:

James Heiberg, Esq. (VSB #34250)
201 Washington Park Court, First Floor
Falls Church, Virginia 22046

/s/ Richard G. Hall
