**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| JEFFREY DANIEL WISMER, | ) | Case No. 14-11207-BFK |
| | ) | Chapter 7 |
| Debtor. | ) | |
| _____ | ) | |
| CHRISTOPHER ARNTZEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Adversary Proceeding |
| | ) | No. 14-01105-BFK |
| JEFFREY DANIEL WISMER, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER GRANTING IN PART AND DENYING IN PART
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

This matter is before the Court on the Plaintiff's Motion for Summary Judgment. Dkt. Nos. 7 and 8. The Defendant has filed an Opposition. Dkt. No. 10. The Court heard argument on the Motion on November 10, 2014. For the reasons stated below, the Motion will be granted in part and denied in part.

**Undisputed Facts**

The Plaintiff's claims against the Defendant arose out of the Defendant's publication of certain statements concerning the Defendant on the internet. The Plaintiff sued the Defendant in the Circuit Court of Fairfax County, Virginia. The Plaintiff alleged three claims against the Defendant: Computer Harassment (Count I), Defamation (Count II) and Stalking (Count III). The jury returned a verdict of $17,500 in compensatory damages and $50,000 in punitive damages on Count I. The jury also returned a verdict of $17,500 in compensatory damages and $100,000 in punitive damages on Count II. On the third Count, for Stalking, the jury returned a

verdict for the Defendant. The Circuit Court entered a final judgment against the Defendant in the amount of $185,000.

The Defendant filed for bankruptcy protection with this Court under Chapter 7 on April 2, 2014. The Plaintiff filed a timely Complaint to determine the dischargeability of the debt under Section 523(a)(6) of the Bankruptcy Code. *See* 11 U.S.C. § 523(a)(6). The Plaintiff seeks summary judgment on the ground that the Court should give collateral estoppel effect to the judgment of the State court.

## Conclusions of Law

The Court has jurisdiction pursuant to 28 U.S.C. § 1334 and the Order of Reference of the District Court for this District entered August 15, 1984. This is a core proceeding under 28 U.S.C. § 157(b)(2)(I) (determinations of dischargeability of particular debts).

*A. The Standard on Summary Judgment.*

Summary judgment is appropriate where there is no genuine dispute as to any material fact, and the moving party is entitled to judgment as a matter of law. FED. R. BANKR. P. 7056 (incorporating FED. R. CIV. P. 56). The moving party has the initial burden of showing that there are no material facts in dispute, and that it is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–24 (1986). When the moving party has met its initial burden, the burden then shifts to the non-moving party to present specific facts demonstrating that there is a genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986).

Whether a fact is material or not depends on the substantive law at issue in the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "Only disputes over facts that might

affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* Summary judgment "is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'" *Celotex Corp.*, 477 U.S. at 327 (citing FED. R. CIV. P. 1).

B.  *Collateral Estoppel (28 U.S.C. § 1738).*

The collateral estoppel effect of a State court judgment is determined under 28 U.S.C. § 1738, which provides in part:

> The records and judicial proceedings of any court of any such State, Territory or Possession, or copies thereof, shall be proved or admitted in other courts within the United States and its Territories and Possessions by the attestation of the clerk and seal of the court annexed, if a seal exists, together with a certificate of a judge of the court that the said attestation is in proper form.
>
> Such Acts, records and judicial proceedings or copies thereof, so authenticated, shall have the same full faith and credit in every court within the United States and its Territories and Possessions as they have by law or usage in the courts of such State, Territory or Possession from which they are taken.

28 U.S.C. § 1738.

The federal courts, as a matter of full faith and credit, under 28 U.S.C. § 1738, must give a State Court judgment the same preclusive effect "as the courts of such State" would give. *Heckert v. Dotson (In re Heckert)*, 272 F.3d 253, 257 (4th Cir. 2001) (citing 28 U.S.C. § 1738). *See also Pahlavi v. Ansari (In re Ansari)*, 113 F.3d 17, 19 (4th Cir. 1997) (stating that "in order to determine whether the bankruptcy court correctly applied collateral estoppel principles, we must examine the law of Virginia, where the judgment relied upon originated").

In Virginia, the following elements must be shown for a judgment to have preclusive effect:

3

> For [collateral estoppel] to apply, the parties to the two proceedings, or their privies, must be the same; the factual issue sought to be litigated actually must have been litigated in the prior action and must have been essential to the prior judgment; and the prior action must have resulted in a valid, final judgment against the party sought to be precluded in the present action. Additionally, collateral estoppel in Virginia requires mutuality[.]

*TransDulles Ctr., Inc. v. Sharma*, 472 S.E.2d 274, 275 (Va. 1996) (citations omitted). There is no doubt that the parties are the same. There further is no doubt that the factual findings of the jury were essential to the judgment, and that there is a valid, final judgment of the State court. There is mutuality.

There is no genuine dispute of fact on the following issues:

Count I:

    (a) The Defendant used a computer network to communicate obscene, vulgar, profane, lewd, lascivious or indecent language, or to make any suggestion or proposal of an obscene nature, or to threaten any illegal or immoral act with the intent to coerce, intimidate or harass the Plaintiff.

    (b) The Plaintiff has suffered damages, as set by the Fairfax County Circuit Court (both as to compensatory damages and punitive damages).

Count II:

    (a) The statements in question were made by the Defendant.

    (b) The statements were defamatory.

    (c) The Plaintiff has suffered damages, as set by the Fairfax County Circuit Court (both as to compensatory damages and punitive damages).

The Circuit Court's judgment on these issues is final, and will be accorded collateral estoppel in this Court. *In re Heckert*, 272 F.3d at 257 (when there is a prior State court judgment,

"[a]ll the bankruptcy court is called upon, or authorized to do, is to determine whether or not the state judgment is dischargeable.") The Plaintiff's Motion will be granted in part, on these issues.

    *C. The Supreme Court's Decision in Geiger.*

The remaining question is: did the State court jury's findings amount to a finding that the Defendant acted willfully and maliciously, so that the debt must be declared to be non-dischargeable as a matter of law (as to both Counts I and II)? Although the issue is close, the Court finds that the jury's findings in the State court cannot support a finding of non-dischargeability under Section 523(a)(6). Accordingly, the Plaintiff's Motion will be denied on this remaining issue.

Section 523(a)(6) of the Bankruptcy Code excepts from a debtor's discharge claims that arise from "willful and malicious injury by the debtor to another entity or to the property of another entity[.]" 11 U.S.C. § 523(a)(6). The Supreme Court has held that in order for a debt to be non-dischargeable under Section 523(a)(6), there must be "a deliberate or intentional *injury*, not merely a deliberate or intentional *act* that leads to injury." *Kawaauhau v. Geiger*, 523 U.S. 57, 61 (1998). Relying on the Second Restatement of Torts, the Court held that the debtor must have intended "'the *consequences* of an act,' not simply 'the act itself.'" *Geiger*, 523 U.S. at 61–62 (citing Restatement (Second) of Torts, § 8A, cmt. a (1964) (emphasis added)). Acts that are negligent or reckless do not suffice; a resulting injury must have been caused by "willful and malicious" conduct. *Id.* (citing *Davis v. Aetna Acceptance Co.*, 293 U.S. 328, 332 (1934)).

The Fourth Circuit has held that the term "willful" means "'deliberate or intentional.'" *In re Stanley*, 66 F.3d 664, 667 (4th Cir. 1995) (quoting *St. Paul Fire & Marine Ins. Co. v. Vaughn*, 779 F.2d 1003, 1009 (4th Cir.1985) (citing H.R. Rep. No. 595, 95th Cong., 1st Sess. 365, *reprinted in* 1978 U.S. Code Cong. & Ad. News 5963, 6320–21)). An injury may be found to be

willful and malicious under § 523(a)(6) only if the actor purposefully inflicted the injury or acted with substantial certainty that injury would result. *In re Parks*, 91 F. App'x 817, 819 (4th Cir. 2003); *In re Long*, 504 B.R. 424, 435–36 (Bankr. W.D. Va. 2014); *Haas v. Trammell (In re Trammell)*, 388 B.R. 182, 186–87 (Bankr. E.D. Va. 2008) (noting that the Fourth Circuit has required "objective substantial certainty" or "subjective motive" in the debtor's intent to cause harm); *In re Owens*, 449 B.R. 239, 254–55 (Bankr. E.D. Va. 2011) (same). "'[A] debtor may be assumed to intend the natural consequence of his acts.'" *In re Nawroz*, Adversary No. 11–01183, 2011 WL 6749064, at *2 (Bankr. E.D. Va. Dec. 22, 2011) *aff'd*, *Nawroz v. Wells Fargo Advisors, LLC*, Civil No. 1:12–cv–216 (GBL), 2012 WL 3522660 (E.D. Va. Aug. 14, 2012) (quoting *Janssens v. Freedom Med., Inc.*, Civil No. JFM–10–2042, 2011 WL 1642575, at *5 (D. Md. Apr. 29, 2011)).

The question is: did the jury's findings in this case amount to a finding that the Defendant willfully and maliciously intended to injure the Defendant? The answer, in the Court's view, is no.

*D. Count I (Computer Harassment).*

With respect to Count I, the jury was instructed that it could find for the Plaintiff if the Defendant committed computer harassment (defined as the use of a computer or a computer network to communicate obscene, vulgar, profane, lewd, lascivious or indecent language, or to make any suggestion or proposal of an obscene nature, or to threaten any illegal or immoral act) "with the intent to coerce, intimidate or harass" the Plaintiff. Dkt. No. 8-3 (Jury Instruction No. 6A). This language is taken nearly verbatim from Va. Code § 18.2-152.7:1 (Harassment by Computer; penalty). Virginia Code Section 18.2-152.12(A) provides for a civil remedy, as follows:

6

> Any person whose property or person is injured by reason of a violation of any provision of this article or by any act of computer trespass set forth in subdivisions A 1 through A 8 of § 18.2-152.4 regardless of whether such act is committed with malicious intent may sue therefor and recover for any damages sustained and the costs of suit. Without limiting the generality of the term, "damages" shall include loss of profits.

VA. CODE ANN. § 18.2-152.12(A).[1]

The intent to coerce, intimidate or harass under Va. Code Section 18.2-152.7:1 is not the same thing as the willful and malicious intent to cause injury under *Geiger*. Indeed, Section 18.2-152.12(A), in providing a civil remedy for computer harassment, requires proof of damages independent of proof of the intent to harass.[2] Where further proof of damages (i.e., harm) is required, the Court cannot say that the intent to coerce, intimidate, or harass is the same thing as the intent to cause harm.

The jury further was instructed that it could award punitive damages on Count I if it found that the Defendant "acted with malice toward the plaintiff or acted under circumstances amounting to a willful and wanton disregard of the plaintiff's rights[.]" Docket No. 8-9 (Jury Instruction 12A). The instructions are in the disjunctive, which is to say that the jury could have awarded punitive damages on a finding that the Defendant either acted with malice *or* acted under circumstances "amounting to a willful and wanton disregard of the plaintiff's rights." The question is whether the State court's award of punitive damages, with its finding that the Defendant "acted with actual malice toward the plaintiff or acted under circumstances amounting

---

[1] The language "regardless of whether such act is committed with malicious intent" in Section 18.2-152.12(A) applies to civil actions for the acts of computer trespass under subsections A-1 through A-8 of Section 18.2-152.4, since the criminal statute, Section 18.2-152.4(A), expressly requires a showing of malicious intent. Section 18.2-152.7:1 (Harassment by Computer; penalty), by contrast, requires a showing of intent to coerce, intimidate or harass, but does not require a showing of malicious intent.

[2] Subsequent subsections in Section 18.2-152.12 provide for the recovery of statutory damages for spam, which is not at issue here.

to a willful and wanton disregard of the plaintiff's rights," is entitled to collateral estoppel for purposes of Section 523(a)(6). Some courts have held that an award of punitive damages is, in itself, entitled to preclusive effect in a Section 523(a)(6) non-dischargeability proceeding, even absent specific findings of malice. *In re Emmerson*, Bankruptcy Nos. EC–10–1159–MoDH, 09–36284, 2011 WL 3299852, at *6 (9th Cir. B.A.P. 2011) (citing *Rousssos v. Michaelides (In re Roussos)*, 251 B.R. 86, 94 (9th Cir. B.A.P. 2000), *aff'd*, 33 Fed. Appx. 365 (9th Cir. 2002). The Fourth Circuit has not addressed the issue, at least in the context of Section 523(a)(6). It cannot be discerned from the record whether the jury awarded punitive damages based on malice, or on a willful and wanton disregard of the Plaintiff's rights, because the jury instructions are in the alternative. Does "a willful and wanton disregard of the plaintiff's rights" suffice? The answer, in the Court's view, is no.

In the case of *In re Pittman*, 442 B.R. 485 (Bankr. W.D. Va. 2010), the Court was faced with a jury instruction on punitive damages almost identical to Jury Instruction No. 12A in this case. In *Pittman*, the jury instruction stated that the jury could award punitive damages if the jury found that the defendants "'acted in actual malice towards the [Plaintiff] or acted under circumstances amounting to willful and wanting disregard for [Plaintiff's] rights.'" *Pittman*, 442 B.R. at 493. Judge Krumm held:

> Virginia law requires either willful or malicious injury for the application of punitive damages. The jury instructions at the State Court trial reflected this distinction. Although the State Court judgment for punitive damages indicates that Defendants' actions were either willful or malicious, it fails to establish, by a preponderance of the evidence, that the taking of the money was malicious. Malice may be implied by the willfulness of Defendants' actions. Such determination requires an examination of the subjective intent of Defendants. The question of whether Defendants acted maliciously was not fully adjudicated in the State Court proceedings. The record, therefore, is insufficient to establish that Defendants intentionally and maliciously injured Plaintiff's property for the purposes of summary judgment. Collateral estoppel does not preclude this Court from adjudicating whether Defendants acted willfully and maliciously; therefore

8

the Court finds that a genuine issue of material fact exists between the parties and
summary judgment will not be granted based on § 523(a)(6).

*Id.*

The Plaintiff in this case argues that implied malice may suffice, arguing that implied malice may be shown by proof that the Defendant acted with knowing disregard of the Plaintiff's rights. Dkt. No. 8 at 8 (Plaintiff's Motion for Summary Judgment). The Fourth Circuit has held that a showing of "special malice" is not required, and that implied malice may suffice. *St. Paul Fire & Marine*, 779 F.2d at 1010 ("[T]here is no need to show specific malice under § 523(a)(6) of the Code on the part of the debtor. Something implied is no less true than something expressed.") But, the question then becomes: from what source can implied malice be inferred in this case? The *St. Paul* case did not involve collateral estoppel; it was tried on the merits before the bankruptcy court. The only source from which malice could be inferred in this case is the jury instructions. Malice simply cannot be inferred from Jury Instruction 12A in this case because the Instruction is stated in the alternative. Section 523(a)(6) requires a finding that the Defendant acted both willfully and maliciously. Jury Instruction No. 12A permitted the award of punitive damages based on either a finding of malice or a finding of circumstances amounting to a willful and wanton disregard of the Plaintiff's rights.

As in *Pittman*, the Court is unable to conclude that the State court awarded punitive damages after finding that the Defendant's conduct was both willful and malicious.

E. *Count II (Defamation).*

With respect to Count II, the jury was instructed that it could find for the Plaintiff if the Defendant made the statements in question "knowing it/them to be false or, believing it/them to be true, Defendant Wismer lacked reasonable grounds for such belief or acted negligently in failing to ascertain the facts on which the statement(s) was/were made." Dkt. No. 8-7 at 2 (Jury

9

Instruction No. 10A). Clearly, the "or acted negligently" portion of Jury Instruction 10A precludes the Plaintiff from arguing that the jury's finding of liability for defamation necessarily involved a finding of willful and malicious conduct.

The jury was further instructed on punitive damages with respect to Count II that it could award punitive damages if the Defendant "made the statements knowing they were false or made them so recklessly as to amount to a willful disregard for the truth, that is, with a high degree of awareness that the statement was probably false." Dkt. No. 8-5 (Jury Instruction No. 12). Again, the "or" indicates that the jury instructions were in the disjunctive. The jury could have awarded punitive damages on a finding that the Defendant knew the statements were false *or* on a finding that the Defendant acted "so recklessly as to amount to a willful disregard for the truth."[3]

The Plaintiff relies on the case of *In re Wooten*, 423 B.R. 108 (Bankr. E.D. Va. 2010), a post-*Geiger* case. The *Wooten* case involved an alleged conversion of the plaintiff's collateral by the defendant. The *Wooten* case did not involve the principle of collateral estoppel; no State court judgment preceded the bankruptcy court adversary proceeding. Citing the case of *Davis v. Aetna Acceptance*, the Court held that "[c]onversion can constitute a willful and malicious injury to property," but a "willful and malicious injury does not follow as of course from every act of conversion, without reference to the circumstances." *Wooten*, 423 B.R. at 130 (citing and quoting *Davis v. Aetna Acceptance Co.*, 293 U.S. 328, 332 (1934)). The Court in *Wooten* also relied upon the case of *In re Russell*, 262 B.R. 449 (Bankr. N.D. Ind. 2001), which, like *Wooten*, involved an alleged conversion of the creditor's collateral. In the *Russell* case, the court stated:

---

[3] The phrase "so recklessly as to amount to a willful disregard for the truth" indicates to the Court that reckless disregard was the standard on which the jury was instructed (albeit, a recklessness that "*amount[ed]*" to a willful disregard for the truth). In any event, a willful disregard for the truth is different from a willful and malicious intent to cause injury.

10

> The creditor's true injury occurs on an abstract level. It is the debtor's invasion of the creditor's legally protected right. The court should focus on this injury, as opposed to the resulting damage, when it asks whether the injury was intentional. When it does so, the answer will usually be relatively obvious because the debtor's action *is* the injury. For example, in a case involving assault and battery, the true injury is not the creditor's broken jaw, but rather, the unconsented . . . touching that produced the broken jaw. Consequently, the question to ask is not whether the debtor intended to break the creditor's jaw, but instead, whether the debtor intended to hit the creditor. In defamation cases, the true injury is not the damage to the creditor's reputation; it is the publication of falsehoods about the creditor that led to the damaged reputation. Consequently, the proper question is not whether the debtor intended to injure the creditor's reputation, but instead, whether the debtor intended to publish the defamatory remarks. Similarly, in the conversion of collateral scenario, the true injury is not that the creditor's debt goes unpaid. The true injury is that the creditor's collateral was wrongly or improperly disposed of and that the proceeds were used for purposes other than payment of the obligation that property secured. Consequently, the proper question is not whether the debtor intended that its secured creditor would go unpaid. Instead, the question to ask is whether the debtor intended to improperly use the creditor's collateral and/or its proceeds for purposes other than the payment of the debt that property secured. If so, there is an intentional injury.

*Id.* at 454–55.

The discussion of defamation in the *Russell* case was unnecessary to its outcome. More fundamentally, the Court finds the statement in *Russell* that "the proper question is not whether the debtor intended to injure the creditor's reputation, but instead, whether the debtor intended to publish the defamatory remarks" to be inconsistent with *Geiger*'s mandate that the Court focus on the Debtor's intent to harm, not the injury itself. *See In re Duncan*, 448 F.3d 725, 729 (4th Cir. 2006) ("The controlling issue in the adversary proceeding is whether Jacqueline Duncan intended to injure her daughter.")

The Plaintiff further argues: "Whether a plaintiff is a public or a private figure, he must show 'actual malice' to recover punitive damages." Dkt. No. 8 at 10 (Plaintiff's Motion for Summary Judgment) (citing *Jordan v. Kollman*, 612 S.E.2d 203, 207 (Va. 2005). Here, the jury awarded the Plaintiff punitive damages, and there is no suggestion that the Plaintiff is a public

11

figure. In *Jordan*, the Supreme Court of Virginia found that the plaintiff, Kollman, was a public figure. Adhering to the Supreme Court's decision in *New York Times Co. v. Sullivan*, 376 U.S. 254 (1964), the Virginia Supreme Court held: "As a public official, Kollman was required to prove actual malice in Jordan's publication of the advertisements in order to recover either compensatory or punitive damages for defamation." *Jordan*, 612 S.E.2d at 207. The Supreme Court in *Gertz v. Robert Welch, Inc.* further held that for private plaintiffs, proof of "actual malice" is required for an award of punitive damages. *See Gertz v. Robert Welch, Inc.*, 418 U.S. 323, 350 (1974) ("In short, the private defamation plaintiff who establishes liability under a less demanding standard than that stated by New York Times may recover only such damages as are sufficient to compensate him for actual injury.")

In this Court's view, though, there is a meaningful distinction to be made between the "actual malice" standard of *New York Times* and *Gertz*, and the maliciousness standard under Section 523(a)(6) of the Bankruptcy Code. *See In re Stanley*, 66 F.3d 664, 667 (4th Cir. 1995) ("'Malice,' however, does not mean the same thing in Section 523(a) that it often does in other contexts.") Specifically, under *New York Times* and *Gertz*, actual malice is defined as "knowledge that [the statement] was false or with reckless disregard of whether it was false or not." *New York Times*, 376 U.S. at 280; *Gertz*, 418 U.S. at 349 ("we hold that the States may not permit recovery of presumed or punitive damages, at least when liability is not based on a showing of knowledge of falsity or reckless disregard for the truth.") In *Geiger*, the Supreme Court held that reckless conduct will not suffice for the imposition of a non-dischargeable judgment under Section 523(a)(6). *Geiger*, 523 U.S. at 63–64 ("[N]ot every tort judgment for conversion is exempt from discharge. Negligent or reckless acts . . . do not suffice to establish that a resulting injury is 'willful and malicious.'" (quoting 11 U.S.C. § 523(a)(6)). *See National*

*Sign and Signal v. Livingston*, 422 B.R. 645, 653 (W.D. Mich. 2009) ("The conduct 'must be more culpable than that which is in reckless disregard of creditors' economic interests and expectancies, as distinguished from . . . legal rights. Moreover, knowledge that legal rights are being violated is insufficient to establish malice . . . .'") (quoting *In re Best*, 109 F. App'x 1, 6 (6th Cir. 2004)); *McClendon v. McClendon (In re McClendon)*, Adversary No. 11–4152, 2013 WL 1197793, at *9 (Bankr. E.D. Tex. Mar. 21, 2013) ("it is clear that reckless disregard of one's duties is not enough for a debt to be deemed non-dischargeable pursuant to § 523(a)(6)."); *Hanson v. Kelly (In re Kelly)*, 385 B.R. 877, 885 (Bankr. S.D. Tex. 2008) ("'reckless disregard' standard is not proper grounds to hold conduct 'willful and malicious'") (quoting *In re Dean*, 79 B.R. 659, 663 (Bankr. N.D. Tex. 1987)); *Baker v. Sharpe (In re Sharpe)*, 351 B.R. 409, 428–29 (Bankr. N.D.Tex. 2006) ("reckless disregard is not enough for a debt arising from injury to another to be nondischargeable."); *In re Rizzo*, 337 B.R. 180, 190 n.11 (Bankr. N.D. Ill. 2006); *In re Mason*, Nos. 95 B 41537 JLG, 95/1653A, 1999 WL 58579, at *3 (Bankr. S.D.N.Y. 1999) ("Mere reckless disregard for the truth or falsity of the statement, which can support a libel verdict, is not willful and malicious injury for the purposes of § 523(a)(6)") (quoting *Wheeler v. Laudani*, 783 F.2d 610, 615 (6th Cir. 1986)). In *Stanley*, the Fourth Circuit used the formulation "'deliberately and intentionally in *knowing disregard* of the rights of another,'" as opposed to a "reckless disregard" of the rights of others. *Id.* (emphasis added) (quoting *St. Paul Fire & Marine*, 779 F.2d at 1008.[4]

---

[4] This Court's ruling that a State court finding of "reckless disregard" falls short for purposes of a finding of malice under Section 523(a)(6) does not, in the Court's view, place "'a nearly impossible burden'" on the creditor. *St. Paul Fire & Marine*, 779 F.2d at 1009 (quoting *United Bank of Southgate v. Nelson*, 35 B.R. 766, 776 (N.D. Ill. 1983)). The standard of "substantial certainty that injury would result" is certainly provable in many cases (and it may be in this case, at trial). The Court simply holds that a finding of reckless disregard is not the same thing as a willful and malicious intent to cause injury.

Thus, although malice may be inferred when the Debtor purposefully inflicted the injury or acted with substantial certainty that injury would result, a finding of reckless disregard for the Plaintiff's rights is insufficient to sustain a claim under Bankruptcy Code Section 523(a)(6).

For the foregoing reasons, the Court finds that the State court judgment in this case is not entitled to collateral estoppel on the issue of willful and malicious intent to cause injury under Section 523(a)(6).

## Conclusion

It is, therefore, **ORDERED:**

1. The Plaintiff's Motion for Summary Judgment is granted in part. Collateral estoppel will be applied as to the following issues:

Count I:

(a) The Defendant used a computer network to communicate obscene, vulgar, profane, lewd, lascivious or indecent language, or to make any suggestion or proposal of an obscene nature, or to threaten any illegal or immoral act with the intent to coerce, intimidate or harass the Plaintiff.

(b) The Plaintiff has suffered damages, as set by the Fairfax County Circuit Court (both as to compensatory damages and punitive damages).

Count II:

(a) The statements in question were made by the Defendant.

(b) The statements were defamatory.

(c) The Plaintiff has suffered damages, as set by the Fairfax County Circuit Court (both as to compensatory damages and punitive damages).

2.      The Plaintiff's Motion for Summary Judgment is denied as to the issue of whether the Defendant acted willfully and maliciously within the meaning of Section 523(a)(6) as interpreted by the Supreme Court in *Geiger* (as to both Counts I and II).

3.      The Clerk will mail copies of this Order, or provide cm-ecf notice of its entry, to the parties below.

Date: Dec 12 2014                                       /s/ Brian F. Kenney
                                                        Brian F. Kenney
Alexandria, Virginia                                    United States Bankruptcy Judge

Copies to:                                              Entered on Docket: December 12, 2014

Christopher Arntzen
c/o Law Offices of Jonathan Gelber, PLLC
201 Park Washington Court, First Floor
Falls Church, VA 22046
*Plaintiff*

James Lewis Heiberg, Esquire
Law Offices of Jonathan Gelber, PLLC
201 Park Washington Court, First Floor
Falls Church, VA 22046
*Counsel for Plaintiff*

Jeffrey Daniel Wismer
2000 S. Eads Street, Apt. 218
Arlington, VA 22202
*Defendant*

Richard G. Hall, Esquire
7369 McWhorter Place
Suite 412
Annandale, VA 22003
*Counsel for Defendant*